1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   OSCAR RAMOS,                                    Case No.  25-cv-05896-JCS

             Plaintiff,
8                                                   **ORDER DENYING WITHOUT**
                                                    **PREJUDICE APPLICATION TO**
      v.                                            **SERVE THE SUMMONS AND**
9                                                   **COMPLAINT BY PUBLICATION ON**
                                                    **DEFENDANTS GERASIMOS**
    BAJA CALI INC., et al.,                         **GEORGOPOULOS AND**
10                                                  **GERASIMOULA GEORGOPOULOS**
             Defendants.
11                                                  Re: Dkt. No. 7

12

13

14

15          Plaintiff has filed an application to serve the summons and complaint by publication on

16   Defendants Gerasimos Georgopoulos and Gerasimoula Georgopoulos ("the Georgopoulos

     defendants"). Dkt. no. 7.  According to counsel's declaration, multiple unsuccessful attempts have
17
     been made to personally serve the Georgopoulos defendants at their address in Yuba City,
18
     California.  *See* MacBride Decl. ¶¶ 2-5.  The process servers who made these service attempts
19
     stated that the property is gated and therefore they were unable to gain access to personally serve
20
     the Georgopoulos defendants.  Ronalds Decl. ¶ 6 and attached Non-Service Reports. Plaintiff's
21
     counsel also attempted to serve the summons and complaint by registered mail to the same address
22
     but the package was returned as unclaimed.  MacBride Decl. ¶ 7.
23
            Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4.
24
     Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in
25
     courts of general jurisdiction in the state where the district court is located or where service is
26
     made." Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure § 415.50, "[a] summons
27
     may be served by publication if upon affidavit it appears to the satisfaction of the court in which
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the action is pending that the party to be served cannot with reasonable diligence be served in

2   another manner specified in this article and that," as relevant here, "[a] cause of action exists

3   against the party." Cal. Code Civ. Proc. § 415.50.

4          The second requirement has been satisfied as Plaintiff alleges in the complaint that the

5   Georgopoulos defendants are the real property owners of the business that is alleged to be in

6   violation of the Americans with Disabilities Act in this case.  Compl. ¶ 3;  *see also  Macias v.*

7   *Fasail*, No. 19-CV-00728-LHK, 2021 WL 2719297, at *6 (N.D. Cal. July 1, 2021) (finding

8   similar allegations sufficient to establish that a cause of action existed for the purposes of Cal.

9   Code Civ. Proc. § 415.50).  The Court finds, however, that the declarations of counsel and the

10  process server are not sufficient to demonstrate "reasonable diligence" under section 415.50.  In

11  particular, although Ronalds states in his declaration that he performed various searches and

12  concluded that the Georgopoulos defendants own the property at the Yuba City address where the

13  service attempts were made and that that address was "the most likely place that they live[,]" he

14  does not  state whether his searches turned up alternative addresses where the Georgopoulos

15  defendants might be served.  Therefore, the Application is DENIED without prejudice to refiling

16  with a more detailed declaration establishing that Plaintiff has used reasonable diligence and either

17  has been unable to determine any other address where the Georgopoulos defendants can be served

18  or that Plaintiff has made additional attempts to serve the Georgopoulos defendants at any

19  alternative addresses Plaintiff's investigation has uncovered and has been unsuccessful in serving

20  them.  In his renewed application, Plaintiff should also identify the publication in which he seeks

21  to publish the summons and supply a supporting declaration addressing why that publication

22  meets the requirements of Cal. Code Civ. Proc. § 415.50.

23         **IT IS SO ORDERED.**

24

25  Dated:  November 3, 2025

26  _____

27  JOSEPH C. SPERO
    United States Magistrate Judge

28

2