UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

          Plaintiff,

    v.

BAJA CALI INC., et al.,

          Defendants.

Case No.  25-cv-05896-JCS

**ORDER TO SHOW CAUSE**

Plaintiff has filed a disability discrimination action asserting claims under the Americans With Disabilities Act ("ADA") and, invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367, a state law claim under California's Unruh Civil Rights Act ("Unruh Act") against Baja Cali, Inc. and its alleged owners, Gerasimos Georgopoulos and Gerasimoula Georgopoulos. With the Court's approval, Plaintiff served the complaint by publication on Gerasimos Georgopoulos and Gerasimoula Georgopoulos.  *See* dkt. nos. 18, 19.  Baja Cali Inc. was served by a process server at the business address of 3845 Broadway Street, American Canyon, CA 94503 ("the Broadway Street Address"). The Clerk has entered the default of all three defendants, dkt. nos. 12, 19, and presently before the Court is Plaintiff's Motion for Default Judgment as to all three defendants.

The Court has reviewed the Motion papers and ORDERS Plaintiff to Show Cause why the Unruh Act claim should not be dismissed and the Motion should not be denied, in part or in its entirety, on the following grounds.

- Unruh Act Claim:  The Ninth Circuit has held that comity concerns arising from California's procedural rules for disability access cases brought by frequent plaintiffs like Oscar Ramos, who has filed scores of disability discrimination cases

United States District Court
Northern District of California

in this Court in recent years, constitute exceptional circumstances that may be sufficient to decline supplemental jurisdiction. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021). Plaintiff is therefore ORDERED TO SHOW CAUSE why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim under *Arroyo.*

- Baja Cali, Inc. Plaintiff names Baja Cali Inc. on the basis that it allegedly owns the Canyon Café, at 3845 Broadway Street, American Canyon, CA, which is also the location where Baja Cali, Inc. was served.  In the Motion for Default Judgment, Plaintiff states that "[o]n the website of the California Alcohol Beverage Control Board ["the ABC"], this address, 3845 Broadway Street, American Canyon, CA 94503 is shown as the address where Baja Cali Inc. operates using liquor license No. 658774.  In fact, on the ABC website, this license number corresponds to a business named Izola Bakery, in San Diego, California.  Furthermore, the ABC website reflects that no license is associated with the Broadway Street Address. Therefore, Plaintiff shall submit evidence establishing that Baja Cali Inc. owns the business that Plaintiff alleges he visited, namely, the Canyon Café, at the Broadway Street Address.

- Georgopoulos Defendants:  Although Plaintiff sued these defendants based on the allegation that they are the real property owners of the business, the California Secretary of State Website reflects that Baja Cali, Inc. is owned by Michael Lara and not the Georgopoulos Defendants.  There is no evidence in the record reflecting the ownership of any real property at the Broadway Street Address. Therefore, Plaintiff shall submit evidence that the Georgopoulos Defendants own the real property on which Canyon Café is located, at the Broadway Street Address, and owned it at the time of the alleged incidents.

- Injunctive Relief:  In order to award injunctive relief, the Court must determine that Ramos has Article III standing, which "requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief

2

will vindicate the rights of the particular plaintiff rather than the rights of third parties." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Plaintiff has offered no evidence that the barriers alleged in the complaint remain or that the Canyon Café continues to operate at the Broadway Street Address. Therefore, Plaintiff shall supply some evidence of both in support of his request for injunctive relief.

Plaintiff's response and supplemental materials in support of the default judgment motion shall be filed by **June 24, 2026.**  The Motion hearing set for **May 27, 2026** is continued to **July 29, 2026 at 9:30 a.m.** by Zoom webinar.

**IT IS SO ORDERED.**

Dated:  May 22, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

3