UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

                    Plaintiff,

        v.

BAJA CALI INC., et al.,

                    Defendants.

Case No. 25-cv-05896-JCS

**ORDER DISMISSING SUA SPONTE PLAINTIFF'S STATE LAW CLAIM UNDER CALIFORNIA UNRUH ACT**

## I.    INTRODUCTION

Plaintiff Oscar Ramos brings this action against Defendants Baja Cali, Inc., Gerasimos Georgopoulos and Gerasimoula Georgopoulos, asserting claims under the Americans with Disabilities Act ("ADA"), California's Health and Safety Code, California's Civil Rights Acts and California's Unruh Civil Rights Act. These claims stem from alleged barriers Mr. Ramos encountered when he visited Canyon Cafe, located at 384 Broadway, American Canyon, California, which is owned and operated by Baja Cali, Inc. and is located on real property owned by Gerasimos Georgopoulos and Gerasimoula Georgopoulos. On June 10, 2026, the Court vacated the defaults of all three defendants and all parties have now consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Defendants filed their response to the Complaint on June 24, 2026.

On May 22, 2026, the undersigned issued an Order to Show Cause ("OSC") why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. Plaintiff

has filed a response to the OSC.  Dkt. no. 30.  For the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, which is dismissed without prejudice.

## II.    LEGAL STANDARDS

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, even where supplemental jurisdiction over a claim exists under Section 1367(a), the Court may decline jurisdiction over the claim under the following circumstances:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

The Ninth Circuit has held that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of [Section] 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021). In *Arroyo v. Rosas*, however, the court recognized that declining to exercise supplemental jurisdiction over an Unruh Act claim that arises out of the same case or controversy as the ADA claim asserted in the same case could fall under the "exceptional circumstances exception." *Id.* at 1211. The court in that case laid out a two-part framework for determining whether that exception applies:

> First, the district court must "articulate why the circumstances of the case are exceptional" within the meaning of § 1367(c)(4). *Executive Software*, 24 F.3d at 1558; see also *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court must provide an explanation of its reasons if it invokes § 1367(c)(4), but not if it invokes § 1367(c)(1)–(3)). Second, in determining whether there are "compelling reasons for declining jurisdiction" in a given case, the court should consider what " 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' " articulated in [*United Mine Workers of America v. Gibbs*, 383 U.S. 715(1966)].

2

*Id.* at 1210 (citations omitted).

Applying this two-part test, the court of appeals in *Arroyo v. Rosas* agreed with the trial court that "the distinctive configuration of California-law rules [under the Unruh Act]—which pair a damages remedy with special procedural requirements aimed at limiting suits by high-frequency litigants—would be rendered ineffectual if the district court were to exercise supplemental jurisdiction." *Id.* at 1211. It further found that "the procedural strictures that California put in place [under the Unruh Act] have been rendered largely toothless, because they can now be readily evaded" by "filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Id.* at 1213 (internal quotations omitted) The court concluded that "[t]hese circumstances are 'exceptional' in any meaningful sense of the term." *Id.*

Turning to the second factor, however, the court of appeals found that the district court had abused its discretion in "making a case-specific judgment that there [were] 'compelling reasons' for declining supplemental jurisdiction" in that case under *Gibbs*. *Id.* (emphasis in original). The court cited the fact that the district court declined to exercise supplemental jurisdiction over the Unruh Act claim at a "very late stage" of the case, when the district court had "effectively already decided" the claim. *Id.* The court noted that "[f]rom the perspective of judicial economy and convenience, it [made] no sense to decline jurisdiction" under these circumstances. *Id.*

In contrast, in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the Ninth Circuit found that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over an Unruh Act claim arising out of the same case or controversy as an ADA claim asserted in the same case. The court in *Vo* distinguished *Arroyo v. Rosas* on the basis that in *Vo*, the district court declined supplemental jurisdiction over the Unruh Act claim "well before it ruled on the merits of the ADA claim" and thus the district court "completely [sidestepped] the core concern articulated in *Arroyo*." 49 F.4th at 1172.

## III.    DISCUSSION

Here, there is no doubt that under *Arroyo* and *Vo*, Plaintiff's assertion of his Unruh Act claim in this case implicates the concerns articulated in those cases that render the circumstances

3

"exceptional." Oscar Ramos is a high-frequency litigant who has since 2024 filed close to thirty disability access cases in this Court that pair ADA claims with Unruh Act claims based on the same conduct. Thus, the first factor of the "exceptional circumstances" test supports the conclusion that the exercise of supplemental jurisdiction over Plaintiff's Unruh Act claim is not appropriate in this case.

As to the second prong of the test, which asks the court to consider the principles of economy, convenience, fairness, and comity to determine whether in *this* case it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, the Court concludes that it is. This case is in its very early stages. Indeed, Defendants responded to the complaint just a matter of days ago, and there has been no adjudication on the merits of any of Plaintiff's claims. Under these circumstances, there is no judicial economy to be gained from exercising supplemental jurisdiction over the Unruh Act claim asserted in this case. Therefore, under the two-factor test set forth above, the Court finds that this is an exceptional case under 28 U.S.C. § 1367(c)(4) and declines to exercise supplemental jurisdiction of Plaintiff's Unruh Act claim.

The Court notes that in his response to the OSC, Plaintiff cites three cases out of the Eastern District of California in which federal district courts have exercised supplemental jurisdiction over Unruh Act claims arising out of the same case or controversy as ADA claims asserted in those cases. *See* OSC Response at 2 (citing *Sepulveda v. Garcia*, 23-2177 DC-JDP, Eastern District of California (Dockets #14 and 15); *Sepulveda v. Gray*, 23-2769 WBS-JDP, Eastern District of California (Dockets #14 and 15); *Ramos v. Garcia*, 24-2921 DAD-SCR, Eastern District of California (Dockets #18, 20, and 21)). All of these cases involved entry of default judgment after the defendant failed to appear and in all of them, the court assumed that the exercise of supplemental jurisdiction over the Unruh Act claim was appropriate without addressing that question or the reasoning in *Arroyo v. Rosas*. Because these cases are distinguishable with respect to procedural posture and do not offer any reasoning addressing the exercise of supplemental jurisdiction over the Unruh Act claims in those cases, they do not persuade the Court that it should exercise supplemental jurisdiction over Plaintiff's Unruh Act claim in this case.

United States District Court
Northern District of California

4

## IV.    CONCLUSION

For the reasons stated above, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, which is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

5